STATE OF NORTH CAROLINA v. VINCENT LEBRON LEDFORD

No. COA04-812

(Filed 21 June 2005)

**Homicide— second-degree murder—final mandate—exclusion of verdict of not guilty by reason of self-defense**

The trial court erred in a second-degree murder case by omitting the verdict of not guilty by reason of self-defense in its final mandate to the jury and defendant is entitled to a new trial.

Appeal by defendant from judgment entered 1 August 2003 by Judge Ronald K. Payne in McDowell County Superior Court. Heard in the Court of Appeals 8 March 2005.

*Attorney General Roy Cooper, by Special Deputy Attorney General John F. Maddrey, for the State.*

*Paul Pooley for defendant-appellant.*

ELMORE, Judge.

Vincent Lebron Ledford (defendant) appeals his conviction on the charge of second-degree murder. After reviewing the record, we determine that the trial court committed prejudicial error in omitting the verdict of not guilty by reason of self-defense in its final mandate to the jury.

Defendant was indicted for the first-degree murder of George William Birchfield (Birchfield). At trial, Deputy Jason Crisp of the McDowell County Sheriff's Office (Sheriff's Office) testified that at 8:36 p.m. on 4 January 2002 he responded to a 911 call at the Birchfield residence. Deputy Crisp stated that when he entered the residence, he saw a body lying face down on the floor and that defendant was crouched down over the body and holding a knife in his hand. A forensic pathologist for the State testified that Birchfield died from internal bleeding as a result of bullet wounds. Defendant's estranged wife, Janet Susan Ledford (Susan), had separated from defendant on 29 August 2001. Susan testified that she had gone out to eat with Birchfield on two occasions prior to the 4 January 2002 shooting. She and Birchfield were sitting at the kitchen table in Birchfield's home during the evening of 4 January when she heard a knock on the door and saw defendant looking into the house through the window over the door. As Susan was waiting in a bedroom while defendant and Birchfield were talking, she heard defendant announce that he was going to use the bathroom. Defendant pushed open the bedroom door that Susan was standing behind and then confronted her about what she was doing there. Susan observed defendant grab Birchfield in a headlock and start to hit him with his fist. She went into a second bedroom to call 911 and, while speaking to the 911 operator, heard a gunshot. Following the shot, she heard Birchfield ask defendant if he was going to stop. She then heard a series of three or four gunshots, after which defendant said, "Susan, look what you caused."

Defendant testified on his own behalf. He stated that he arrived at Birchfield's home on 4 January after calling Birchfield's phone and getting the answering machine at 7:50 p.m. Defendant testified that he saw Birchfield sitting at the kitchen table with another person sitting across from him, and that the two appeared to kiss. Birchfield answered defendant's knock on the door, and the two talked inside the home. When defendant went to use the bathroom, he saw Susan hiding behind a bedroom door. Defendant testified that Birchfield grabbed him by the shirt, and defendant reacted by grabbing him

around the neck. Defendant and Birchfield continued their scuffle in the living room. Birchfield picked up a gun and shot defendant in the leg. Defendant did not remember shooting Birchfield but did recall picking up a knife after seeing Birchfield with a gun. A detective from the Sheriff's Office testified that defendant had a gunshot wound to his right leg.

The jury returned a verdict of guilty on the charge of second-degree murder, and the trial court entered judgment on 1 August 2003. Defendant filed notice of appeal on 5 August 2003. Defendant contends that he is entitled to a new trial, arguing that the trial court erred in failing to include in its final mandate on all charges and defenses a possible verdict of not guilty by reason of self-defense. We agree.

The State concedes that it is unable to distinguish the trial court's jury instructions in *State v. Williams*, 154 N.C. App. 496, 571 S.E.2d 886 (2002), from the case at bar. In *Williams*, this Court held that the "trial court's failure to include the possible verdict of not guilty by reason of self-defense in its final mandate to the jury [was] prejudicial error, entitling the defendant to a new trial." *Id.* at 499, 571 S.E.2d at 888; *see also State v. Dooley*, 285 N.C. 158, 165-66, 203 S.E.2d 815, 820 (1974) (failure of trial court to include not guilty by reason of self-defense as possible verdict in final mandate to jury was prejudicial error; this error "was not cured by the discussion of the law of self-defense in the body of the charge.").

Here, after reviewing defendant's motion for jury instructions, the trial court indicated at the charge conference that it would give the pattern instruction on first-degree murder where a deadly weapon is used, "including the defense of self-defense." Indeed, N.C.P.I.—Crim. 206.10 (2003) states, in pertinent part, that "if the State has failed to satisfy you beyond a reasonable doubt that the defendant did not act in self-defense then the defendant's action would be justified by self-defense; therefore, you would return a verdict of not guilty." However, the trial court failed to include this specific instruction on self-defense in the final mandate to the jury. The trial court's discussion of the law of self-defense in the body of the jury instructions did not cure the error. *See Dooley*, 285 N.C. at 165-66, 203 S.E.2d at 820; *Williams*, 154 N.C. App. at 498, 571 S.E.2d at 888. Even if the omission in the final mandate was inadvertent, we must hold that defendant was prejudiced thereby and is entitled to a new trial.

As defendant's remaining assignments of error may not recur in a new trial, we do not address them in this appeal.

New trial.

Judges WYNN and TYSON concur.